UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRENCE DUNCAN,                                             **REPORT AND**
                                                             **RECOMMENDATION**
                        Plaintiff,
                                                             No: 14-CV-577(S)(M)
v.

LANDMARK CONSTRUCTION COMPANY, INC.,
et al*.,*

                        Defendants.
_____

        This case was referred to me by Hon. William J. Skretny for supervision of all

pretrial proceedings, including the preparation of a Report and Recommendation on dispositive

motions [20].[1]  Before me is the motion of defendant Landmark Construction Co., Inc.

("Landmark") for summary judgment [24], and plaintiff Terrance Duncan's cross-motion for

leave to file an Amended Complaint [33].  Oral argument was held on July 7, 2015 [34].   For the

following reasons, I recommend that Landmark's motion be granted, and that plaintiff's motion

be denied.


                                **BACKGROUND**

        Familiarity with the factual allegations of the Complaint as detailed in my

April 29, 2015 Report and Recommendation [23], is presumed.  Defendants initially moved to

dismiss the Complaint [1].  That motion was granted except to the extent that it sought to dismiss

plaintiff's claim against his former employer, Landmark for violating Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq*.  Report and Recommendation [23],

---

[1]        Bracketed references are to the CM/ECF docket entries.

adopted, May 26, 2015 Text Order [30].  In seeking dismissal of the Title VII claim against Landmark, defendants relied on the Affidavit of Thomas Holler, Landmark's President and sole owner, to argue that it did not meet Title VII's definition of a covered employer since it did not have 15 or more employees.  *See* Holler Affidavit [17-6], ¶6.  Since that argument required consideration of materials outside of the pleadings, I recommended that it be denied, without prejudice to a later motion for summary judgment.  Report and Recommendation [23], pp. 5-6.

Before my Report and Recommendation [23]  was adopted, Landmark moved for summary judgment by again relying on Holler's Affidavit [25-2].  Plaintiff responded by cross-moving for leave to file an Amended Complaint alleging a cause of action pursuant to 42 U.S.C. §1983, rather than a violation of Title VII. *See* Motion for Leave to Amend [33].  He argues that the Amended Complaint "will render defendants' motion for Summary Judgement [*sic*] . . . moot".  Plaintiff's Response [32], ¶1.


## ANALYSIS

A.    **Landmark's Motion for Summary Judgment**

"The standards governing summary judgment are well-settled.  Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.

Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." <u>Ford v. Reynolds</u>, 316 F.3d 351, 354 (2d Cir. 2003).

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year". 42 U.S.C. §2000e(b). "Thus, liability under Title VII does not extend to employers with fewer than fifteen employees." <u>Luna v. North Babylon Teacher's Organization</u>, 11 F. Supp. 3d 396, 401 (E.D.N.Y. 2014). "Whether a defendant falls within the meaning of 'employer' in Title VII may be resolved on a motion for summary judgement [*sic*]." <u>Smith v. K & F Industries, Inc.</u>, 190 F. Supp. 2d 643, 647 (S.D.N.Y. 2002).

In support of Landmark's argument that it does not meet Title VII's definition of an employer, it again relies upon Holler's Affidavit, in which he states that "[a]t no time during 2013 or 2012 did Landmark have 15 or more employees for each working day in each of 20 or more calendar weeks". [25-2], ¶6. Plaintiff does not dispute or seek an opportunity to conduct discovery in order to dispute the accuracy of Holler's Affidavit. Indeed, his proposed Amended Complaint ([33], p. 2 of 3) alleges that Landmark "employs approximately 5-9 (staff)".

Instead, plaintiff appears to abandon his Title VII claim by seeking leave to file an Amended Complaint asserting a claim pursuant to 42 U.S.C. §1983 for violations of his Fourteenth Amendment Equal Protection and Due Process rights. *See* Plaintiff's Motion for Leave to Amend [33], p. 1 of 3 ("Plaintiff's Amended Complaint renames parties in liable capacities such as both Respondent Superior and Supervisory theories of Liabilities Pursuant to

-3-

42 USC §1983"); proposed Amended Complaint [33], p.  2 of 3 ("I was terminated by George

Bryant, Forman for reasons unknown to date.  I was not afforded a notice or opportunity for a

hearing appropriate to the case, thus depriving me Equal Protection and Due Process, as

prescribed by the 14th . . . Amendment").  Therefore, I recommend that Landmark's motion for

summary judgment be granted.  *See* Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193,

202-03 (2d Cir. 2005) (affirming summary judgment where the plaintiff failed to raise a question

of fact as to whether the defendant employed fifteen persons).


**B.**      **Plaintiff's Cross-Motion for Leave to Amend**

          Fed. R .Civ. P. ("Rule") 15(a)(2) provides that leave to amend "should [be] freely

give[n] . . . when justice so requires".  However, leave to amend "should be denied . . . for such

reasons as . . . futility of the amendment".  Aetna Casualty and Surety Co. v. Aniero Concrete Co.,

404 F.3d 566, 603 (2d Cir. 2005).  "An amendment to a pleading will be futile if a proposed

claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of

North  Hempstead Board of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).  Here, the proposed

Amended Complaint would not survive a motion to dismiss.

          42 U.S.C. §1983 "provides the exclusive remedy for securing redress of

constitutional violations". Yoonessi v. State University of New York, 862 F. Supp. 1005, 1015

(W.D.N.Y. 1994) (Arcara, J./Heckman, M.J.),  leave to appeal denied, 56 F.3d 10 (2d Cir. 1995),

cert. denied, 516 U.S. 1075 (1996).  "In order to maintain a section 1983 action . . . the conduct

complained of must have been committed by a person acting under color of state law." Pitchell v.

Callan, 13 F.3d 545, 547 (2d Cir. 1994). However, the proposed Amended Complaint does not

allege that Landmark was a state actor.  Therefore, I recommend that plaintiff's cross-motion for leave to amend be denied.

## CONCLUSION

For these reasons, I recommend that Landmark's motion for summary judgment [24] be granted, and that plaintiff's cross-motion for leave to amend [33] be denied.  Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by February 25, 2016 (applying the time frames set forth in Rules 6(a)(1)(c), 6(d), and 72(b)(2)).  Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachussets Municipal Wholesale Electrical Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may results in the district judge's refusal to consider the objections.

Dated: February 8, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge